**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

WILLIAM BRANDON CUMMINGS,    )
        )
     Plaintiff,     )
        )
   v.     )     Civil Action No. 09-20J
        )     Judge Gibson
        )     Magistrate Judge Bissoon
CO BUTLER, *et al.*,     )
        )
     Defendants.     )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Partial Motion to Dismiss filed by Defendants (Doc. 18) be granted in part and denied in part.

### II. REPORT

William Brandon Cummings is a state prisoner currently incarcerated in the State Correctional Institution at Somerset, Pennsylvania. Cummings has filed a one page Complaint alleging that his constitutional rights were violated during a confrontation with Defendants in the property room of the prison on January 26, 2009. First, he alleges that he was denied access to legal materials which he needed for a pending case -- a violation of the First Amendment's right of access to the courts (Doc. 5). Next, Plaintiff alleges that Defendants denied him grievance forms (Id.). Defendant Crenshaw is alleged to have "retaliated" against Plaintiff by telling him he would have to wait to access his legal materials, and Defendant Butler is said to have told Plaintiff that catching him doing something wrong is not retaliation (Doc. 5). Finally, Defendant Langley is alleged to have "slammed" Plaintiff against a table (Id.).

Defendants have filed a Partial Motion to Dismiss (Doc. 18) seeking to dismiss all claims other than the excessive force claim against Defendant Langley.  Plaintiff has responded (Doc. 25).

### A.      Applicable Standard

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint"  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008).  A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937, 1949 (2009).

### B.     Analysis.

#### 1.      First Amendment.

Defendants move to dismiss Plaintiff's First Amendment claim on that basis that he has failed to identify the legal action he alleges was impeded by their alleged failure to permit him access to his legal materials.  Lewis v. Casey, 518 U.S. 343, 354 (1996);  Christopher v. Harbury, 536 U.S. 403, 415-17 (2002).  In Christopher, the Supreme Court explicitly held that a plaintiff must identify a non-frivolous claim that was actually impacted by the complained-of activity in order to state a claim.  "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant."  Christopher, 536 U.S. at 416.

In his response, Plaintiff asserts that the refusal to give him access to his documents resulted in a civil action then pending in the United States District Court for the Eastern District of Pennsylvania, identified as Civil Action No. 08-125, being time-barred (Doc. 25).  Plaintiff has now alleged facts sufficient to place Defendants on notice of the action alleged to have been impacted.  The Motion to Dismiss should be denied in this respect.

       **2.      Denial of grievance forms.**

Plaintiff has no due process right to file a grievance, nor does the creation of such a procedure by the state create any federal constitutional rights.  Wilson v. Horn, 971 F.Supp,. 943, 947 (E.D.Pa. 1997).  Therefore, Plaintiff cannot state a claim premised upon the alleged denial of grievance forms.

       **3.      Verbal harassment.**

Defendants also seek to dismiss any claim Plaintiff is making for verbal harassment. Indeed, allegations of verbal abuse do not state an Eighth Amendment claim.  McCullough v. Miller, 2008 WL 4361254 *8 (W.D.Pa. 2008) (Lancaster, J.) (collecting cases).  And, in any event, Plaintiff states that his is not making a claim premised upon verbal harassment (Doc. 5).

       **4.      Retaliation.**

Plaintiff also alleges that he was retaliated against when he sought access to his legal materials and Defendant Crenshaw told him he would have to wait.  He also alleges that Defendant Butler told him that it is not retaliation if he actually catches Plaintiff doing something wrong.

"Government actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right."  Allah v. Seiverling, 229 F.3d 220, 224-25 (3d

Cir. 2000);  Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).  In order to state a *prima facie*

case of retaliation, a prisoner must demonstrate:

1) the conduct in which he was engaged was constitutionally protected;

2) he suffered "adverse action" at the hands of prison officials; and

3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) quoting Rauser v. Horn, 241 F.3d 330,

333 (3d Cir. 2001).  To show an "adverse action," Plaintiff must demonstrate that Defendants'

actions were "sufficient to deter a person of ordinary firmness from exercising his

[constitutional] rights."  Allah v. Al-Hafeez, 208 F.Supp.2d 520,535 (E.D. Pa. June 24, 2002)

quoting Allah v. Seiverling, 229 F.3d at 225.

The Court cannot discern how the statements allegedly made by Defendants could

possibly deter a person of reasonable firmness from exercising a constitutional right.  Therefore,

Plaintiff fails to state a claim for retaliation because he has not presented sufficient factual

allegations to meet the "facial plausibility" standard of Twombly and Iqbal.

### III.  CONCLUSION

It is respectfully recommended that Defendants' Partial Motion to Dismiss (Doc. 18) be

granted in part and denied in part.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule

72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are

due by October 21, 2009.


Dated: October 8, 2009                          s/Cathy Bissoon
                                                CATHY BISSOON
                                                UNITED STATE MAGISTRATE JUDGE

**Cc:**
WILLIAM BRANDON CUMMINGS
GX-8328
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510