IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BRANDON CUMMINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-20J |
| | ) | Judge Gibson |
| | ) | Magistrate Judge Bissoon |
| CO BUTLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Plaintiff's Motion to Amend/Correct the Complaint (Doc. 35) be denied.

### II. REPORT

William Brandon Cummings is a state prisoner currently incarcerated in the State Correctional Institution at Somerset, Pennsylvania. Defendants have answered the Complaint (Doc. 20) and some of Plaintiff's claims have been dismissed (Doc. 33), leaving Plaintiff's claims that he has been denied access to the courts and that he was subjected to the use of excessive force. Plaintiff now seeks to amend his complaint to include claims of "fraud, misbehavior in office, and dereliction of duty" because Defendants do not have a "mandatory oath of office" on file with the Secretary of the Commonwealth of Pennsylvania (Doc. 35).

A.   **Applicable Standard**

Amendments to pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that after a responsive pleading has been filed, a party may amend its

pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).  Grounds that may justify a denial of leave to amend include "undue delay, bad faith, dilatory motive, prejudice, and futility."  In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1434 (3d Cir.1997) (citations omitted).  "In assessing 'futility,' the district court applies the same standard as applies under Rule 12(b)(6)."  Id.  Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint"  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008).  A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937, 1949 (2009).

**B.**     <u>Analysis.</u>

Plaintiff filed this lawsuit on January 30, 2009, and amended his Complaint on April 9, 2009.  Plaintiff offers no reason why the claim he wishes to add to the Complaint was not included in his initial Complaint, or in the Amendment.  Plaintiff's motion should be denied on the basis of undue delay.

The proposed amendment also should be denied as futile.  Plaintiff does not indicate how Defendants' purported lack of an oath of office on file (if, in fact, one is required under state law) possibly offends his civil rights, or how it is actionably under Pennsylvania law.

### III. CONCLUSION

It is respectfully recommended that Plaintiff's Motion to Amend/Correct Complaint (Doc. 35) be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by December 17, 2009.

Dated: December 3, 2009                         s/Cathy Bissoon
                                                CATHY BISSOON
                                                UNITED STATE MAGISTRATE JUDGE

**Cc:**
WILLIAM BRANDON CUMMINGS
GX-8328
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510