IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BRANDON CUMMINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-20J |
| | ) | Judge Gibson |
| | ) | Magistrate Judge Bissoon |
| CO BUTLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Defendants' Motion for Summary Judgment (Doc. 18) be granted.

### II. REPORT

William Brandon Cummings is a state prisoner currently incarcerated in the State Correctional Institution at Somerset, Pennsylvania. The claims remaining in this case are that Defendants denied Plaintiff access to legal materials on January 26, 2009, and that a pending lawsuit he filed was dismissed as a result -- a violation of the First Amendment's right of access to the courts, and Defendant Langley allegedly "slammed" Plaintiff against a table. Defendants have filed a Motion for Summary Judgment (Doc. 44) asserting that Plaintiff failed to exhaust available administrative remedies with respect to either of his claims, and also asserting that Plaintiff did not suffer prejudice from the alleged denial of access to his legal materials. Plaintiff has responded (Doc. 47).

1

A. **Applicable Standard**

A party's burden in response to a well-pleaded motion for summary judgment is to present ". . . specific facts showing that there is a *genuine issue for trial*." Fed. Rule Civ. Proc. 56(e) (emphasis added). If the non-moving party cannot so demonstrate the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence, viewed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The inquiry involves determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id., at 251-52.

B. **Analysis.**

1. **First Amendment claim.**

Defendants' motion to dismiss Plaintiff's First Amendment claim was denied because Plaintiff identified the legal action that was allegedly prejudiced by his lack of access to documents in his response to the motion. More specifically, Plaintiff asserted that Defendants' refusal to give him access to his documents resulted in a civil action then pending in the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 08-125, being dismissed as time-barred (Doc. 25). Such prejudice is necessary for Plaintiff to make out a claim that he was denied access to the courts. Lewis v. Casey, 518 U.S. 343, 354 (1996); Christopher v. Harbury, 536 U.S. 403, 415-17 (2002). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Christopher, 536 U.S. at 416.

Defendants have now presented evidence that Plaintiff's lawsuit was dismissed on its merits, and not due to any late filing (and, in any event, Plaintiff filed a response to the dispositive motion in that case 6 days **before** Defendants are alleged to have denied him access to his documents) (Docs. 44-1, pp. 21, 23). Defendants are entitled to summary judgment on Plaintiff's claim that he was denied access to the courts because Plaintiff cannot establish prejudice. Christopher, supra.

   2.   **Excessive force.**

The only other remaining claim is that Defendant Langley slammed Plaintiff into a table on January 26, 2009. Plaintiff complained about this in Grievance No. 259595, filed on January 28, 2009. Plaintiff signed his Complaint in this case on January 26, 2009, before he filed his grievance, and his Complaint was filed on January 30, 2009, two days after he filed his grievance. There can be no question that Plaintiff improperly instituted suit before attempting to exhaust administrative remedies. The claim against Defendant Langley should be dismissed without prejudice to Plaintiff's right to file a new law suit raising that claim, if he so chooses. See, e.g., Nifas v. Beard, 2010 WL 1141389 (3rd Cir. Mar. 25, 2010) (affirming grant of summary judgment that dismissed claims without prejudice where administrative remedies were not exhausted when civil action was commenced).

### III. CONCLUSION

It is respectfully recommended that Defendants' Motion for Summary Judgment (Doc. 44) be granted, and that this is without prejudice to Plaintiff's right to raise his assault claim in a new lawsuit.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are

due by June 11, 2010. Failure to timely file objections may result in the waiver of appellate rights.


Dated: May 28, 2010                                             s/Cathy Bissoon
                                                                CATHY BISSOON
                                                                UNITED STATE MAGISTRATE JUDGE


**Cc:**
WILLIAM BRANDON CUMMINGS
GX-8328
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510